# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW CATALIN GRAY, | : | |
|    *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 19-4858 |
| | : | |
| PAUL K. LAGANA, et al., | : | |
|    *Defendants*. | : | |

## MEMORANDUM

**JONES, II  J.**                                                                                                                                **January 22, 2020**

On October 17, 2019, *pro se* Plaintiff Matthew Catalin Gray, a prisoner at the Bucks County Correctional Facility, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 naming as Defendants Paul K. Lagana and the Philadelphia Prison System.  (ECF No. 2.)  By Order dated October 23, 2019, the Court directed Gray to either submit $400.00 to the Clerk of Court or file a motion for leave to proceed *in forma pauperis* with a certified copy of his prisoner account statement within thirty (30) days.  (ECF No. 4.)  Gray subsequently filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 6) on November 25, 2019, along with an explanation that he was having difficulty obtaining a copy of his account statement.  On November 25, 2019, Gray also filed an Amended Complaint naming only the Philadelphia Prison System as a Defendant.[1]  (ECF No. 7.)  For the following reasons, the Court will grant Gray leave to proceed *in forma*

---

[1] It is well recognized that an amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint.") (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).  Accordingly, the Amended Complaint Gray submitted to the Court after his initial Complaint supersedes the original, and the Court will proceed to screen the Amended Complaint.

*pauperis* and dismiss his Amended Complaint without prejudice.

I.  **FACTUAL ALLEGATIONS**[2]

Gray's Amended Complaint is not pled in a manner that makes the basis for his claims clear to the Court. Gray indicates that the events giving rise to his claims occurred on June 20, 2019. In the section of the form complaint that asks a litigant to describe the facts underlying his claims, Gray wrote "see attached." (ECF No. 7 at 5.)[3] Gray does not provide any further information about his claims and does not allege any injuries. Instead, it appears that his claims rely heavily on exhibits, requiring the Court to imply or speculate at the basis for his claims in this action. With respect to relief sought, Gray indicates that he seeks an investigation of the facility (presumably the Philadelphia Prison System) and monetary damages in the amount of $500,000,000. (*Id.*)

There are several documents attached to his Amended Complaint. (ECF No. 7-1.) It appears from the attachments to his Amended Complaint that the facts giving rise to his claim occurred while he was incarcerated at Curran-Fromhold Correctional Facility from approximately June 20, 2019 through August 31, 2019. (*Id.*) The attachments to Gray's Amended Complaint consist of several forms that are titled either "Request to Staff" or "Philadelphia Department of Prisons – Inmate Grievance From." (*Id.*) In these forms, Gray seeks an explanation as to why he was transferred from Bucks County to the Philadelphia Prison System and indicates that he'd like to be transferred back to Bucks County. (*Id.* at 1-7, 10-30.) In his requests to staff, Gray indicates that he would like to: (1) apply for a job, (2) speak with the Warden about why he was transferred, (3) speak to an attorney, (4) see the notary, and (5) be transferred back to protective custody. (*Id.*

---

[2] The facts set forth in this Memorandum are taken from Gray's Amended Complaint and the attachments thereto.
[3] The Court uses the pagination assigned to the Amended Complaint (and the attachments thereto) by the CM/ECF docketing system.

at 1-7.) Gray also attaches several grievance forms indicating that in addition to wanting to be transferred back to Bucks County, his federal rights have been violated by Warden Lagana, several health and crimes codes have been violated by prison staff, and the library books have not been updated. (*Id.* at 10-30.)

On December 5, 2019, Gray filed a letter with the Court indicating that he wanted to add Ms. Kelly Reed, the Assistant/Deputy Warden of Bucks County Corrections Facility, as a Defendant in this case. (ECF No. 8.) In so doing, Gray asserts that "Paul K. Lagana and Kelly Reed are working together in all that has and is still transpiring against [him]" and together they are "contributing to the blatant retaliation and [are] violating [his] federal rights." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Gray leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Gray is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[4] Attached to Gray's Motion to Proceed *In Forma Pauperis* is a statement from Gray indicating the steps he has taken to obtain a certified copy of his prisoner account statement. (ECF No. 6 at 4.) The statement also provides the Court with some information as to the current balance in his institutional account. (*Id.*) The Court will accept Gray's statement as substantial compliance with 28 U.S.C. § 1915(a)(2). While he is granted leave to proceed *in forma pauperis*, as Gray is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Moreover, a complaint may be dismissed for failing to comply with Rule 8 of the Federal Rules of Civil Procedure. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets the rule's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is then whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

Gray's Amended Complaint fails to comply with Federal Rule of Civil Procedure 8(a) because it does not make clear the basis for his claims in a manner that would enable the Defendant

to understand the claim and prepare a defense or permit the Court to meaningfully screen his Complaint. Much of the uncertainty is because the Amended Complaint contains no factual allegations and instead relies solely on attachments—leaving the Court to guess what claims Gray intends to bring. Gray's Amended Complaint does not contain a short, plain statement describing a cognizable legal claim and fails to set forth "enough information to put [the Defendants] on sufficient notice to prepare [their] defense and also ensure that the Court is sufficiently informed to determine the issue." *See Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam) ("[Plaintiff's] voluminous exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a).") Gray may not rely solely on voluminous exhibits, rather than factual allegations, to state a claim. *See DiGenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (per curiam) ("The documents that DiGenova submitted as his amended complaint do not contain a 'short and plain statement' of any claim, Fed. R. Civ. P. 8(a)(2), and DiGenova's allegations are not 'simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1)."). Accordingly, the Court will dismiss the Amended Complaint without prejudice to Gray filing a second amendment so that he may clarify the basis for his claims.

Gray should be mindful that his Amended Complaint is also deficient for several other reasons. First, "[i]n order to state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Gray named the Philadelphia Prison System as a Defendant in this matter. However, the Philadelphia Prison System is a department of the City of Philadelphia, "not [a] legal entity," and is therefore not a person for purposes of § 1983. *Burgos v. Phila. Prison Sys.*,

760 F. Supp. 2d 502, 503 n.1 (E.D. Pa. 2011). *See* 53 Pa. Cons. Stat. Ann. § 16257. Accordingly, Gray cannot maintain a 42 U.S.C. § 1983 claim against the Philadelphia Prison System.

In addition, to the extent that Gray seeks to set forth claims based on the handling of prison grievances, such claims fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, any claims alleged by Gray that concern grievances do not give rise to a plausible basis for a constitutional claim.

Finally, to the extent that Gray seeks to bring claims against Paul Lagana or Kelly Reed, the Court notes Gray has not alleged facts explaining what any of the individual Defendants did, or failed to do, to violate his rights. "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id*. (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's

unconstitutional conduct." *Id*.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Gray leave to proceed *in forma pauperis* and dismiss his Amended Complaint without prejudice. Gray will be granted leave to file a second amended complaint in the event he can articulate a legitimate basis for a claim against an appropriate defendant.

An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II   J.